CROWN CORK & SEAL CO. OF BALTIMORE CITY v. BROOKLYN BOTTLE STOPPER CO. et al.

(Circuit Court of Appeals, Second Circuit. November 11, 1912.)

No. 1.

PATENTS (§ 259*)—CONTRIBUTORY INFRINGEMENT—LICENSE CONTRACTS.

 A maker of caps or seals for bottles adapted to be applied by patented machines sold by complainant under license contracts binding the pur-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

UNITED STATES V. STERLING SALT CO.

chasers to use thereon only caps or seals made by complainant, who sold his product to owners of such machines, on which they were used, with knowledge that there were practically no other machines on which they could be used, was chargeable with contributory infringement of the machine patent.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 400–402; Dec. Dig. § 259.*

Contributory infringement of patents, see notes to Edison Electric L. Co. v. Peninsular Light, P. & H. Co., 43 C. C. A. 480; Æolian Co. v. Harry H. Juelg Co., 86 C. C. A. 206.]

Appeal from the Circuit Court of the United States for the Eastern District of New York; Thomas I. Chatfield, Judge.

Suit in equity by the Crown Cork & Seal Company of Baltimore City against the Brooklyn Bottle Stopper Company and others. Decree for complainant (172 Fed. 225), and defendants appeal. Modified and affirmed.

See, also, 175 Fed. 1019, 99 C. C. A. 664; 190 Fed. 323.

Louis C. Raegener and S. L. Moody, both of New York City, for appellants.

J. Q. Rice, of New York City (R. H. Parkinson, of Chicago, Ill., and Edwin G. Baetjer, of Baltimore, Md., of counsel), for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. We concur in the conclusions reached by Judge Chatfield, which have subsequently been justified by the decision of the Supreme Court in Henry v. A. B. Dick Co., 224 U. S. 1, 32 Sup. Ct. 364, 56 L. Ed. 645. We think, however, that the decree entered went too far in requiring the defendants to account for profits and pay damages on all sales of caps to users of complainant's machines, unless they showed affirmatively that the caps were not to be used in connection with the licensed machines. The decree is dated July 24, 1909, and patent No. 473,776, in suit, expired April 29, 1909. Before the latter date the defendants have been rightly held to know that all caps sold by them were intended to be used on the complainant's licensed machines, but after that date, when a large number of complainant's machines had been freed from the license, the defendants could not know whether purchasers intended to use the caps on licensed or unlicensed machines. The burden of proof in the accounting after that date as to sales should be on the complainant.

The decree, as modified, is affirmed.